FILED'08 MAR 21 13:07USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD WALTERS,                                    Civ. No. 06-1176-AA

       Plaintiff,                                OPINION AND ORDER

   v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.
_____

Merrill Schneider
Schneider Law Offices
P.O. Box 16310
Portland, OR  97292-0310

Linda Ziskin
3 Monroe Parkway, Suite P, PMB #323
Lake Oswego, OR  97035
    Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

1    - OPINION AND ORDER

Carol A. Hoch
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
       Attorneys for defendant

AIKEN, Judge:

     Plaintiff brings this action pursuant to the Social Security
Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain
judicial review of a final decision of the Commissioner of Social
Security (Commissioner).   The Commissioner denied plaintiff's
application   for   Disability   Insurance   Benefits   (DIB)   and
Supplemental Security Income (SSI) benefits.  For the reasons set
forth below, the Commissioner's decision is affirmed.

                            BACKGROUND

     On January 8, 2003, plaintiff filed applications for DIB and
SSI benefits alleging disability since April 2001 due to a ruptured
disk and degenerative disk syndrome.  Tr. 68-70, 75, 295-297.  His
applications were denied initially and on reconsideration.  Tr. 27-
33, 29-40, 298-307.  After timely requesting a hearing, plaintiff
appeared and testified before an administrative law judge (ALJ) on
November 18, 2004.  Tr. 394-420.  On December 23, 2004, the ALJ
issued a decision finding plaintiff disabled as of February 2004,
later than the onset date alleged by plaintiff.   Tr. 312-20.
Plaintiff sought review by the Appeals Council, and on June 23,
2005, the Appeals Council vacated the ALJ's decision and remanded
the case for further administrative proceedings.  Tr. 337-39.

2    - OPINION AND ORDER

On remand, the ALJ requested and obtained additional medical evidence from plaintiff and held another administrative hearing on November 10, 2005, where plaintiff and a vocational expert appeared and testified.  Tr. 421-51.  On March 18, 2006, the ALJ issued a second decision finding that plaintiff was not disabled within the meaning of the Act at any time.  Tr. 16-26.  The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  Tr. 7-11.  Plaintiff now seeks judicial review.

Plaintiff was thirty-four years old at the time of the ALJ's decision.  Tr. 19, 68.  Plaintiff has a high school equivalent education and past relevant work as an order puller, baker, cook, bread slicer, concert promoter, and truck washer.  Tr. 19, 76, 84-91, 105-12, 447-48.  He alleges disability as of April 2001 due to a ruptured disk and degenerative disk syndrome.  Tr. 75.

                          STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)).  The court must weigh "both the

evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had engaged in "substantial gainful activity" in 2002, after his alleged onset date. Nonetheless, the ALJ proceeded with the five-step evaluation. Tr. 20; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff has "non-severe" impairments of depression and anxiety and "severe" impairments of lumbar degenerative disc disease, status post lumbar laminectomy, and cannabis dependence, but that plaintiff's

impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 21, 25; 20 C.F.R. §§ 404.1520(c),(d), 416.920(c),(d).

At step four, the Commissioner evaluates the claimant's residual functional capacity (RFC) and determines whether the claimant can perform past relevant work. Here, the ALJ found that plaintiff retained the RFC to perform a limited range of light work. Tr. 24. Specifically, the ALJ found that plaintiff could lift and carry up to twenty pounds occasionally and ten pounds frequently, that he could stand, walk or sit for six hours in an eight-hour work day, and that he could climb, balance, stoop, kneel, crouch and crawl occasionally. Tr. 24. The ALJ also found that plaintiff should avoid exposure to hazardous conditions and could perform simple, routine, repetitive work. Tr. 24. Based on these findings, the ALJ found that plaintiff could not perform his past relevant work. Tr. 24; 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). Relying on the testimony of the vocational expert, the ALJ found that plaintiff was able to perform other work. Tr. 25.

Therefore, the ALJ found that plaintiff not disabled within the meaning of the Act.

DISCUSSION

Plaintiff asserts that the Commissioner's decision should be reversed, because the ALJ failed to follow the directives issued by the Appeals Council. Plaintiff further argues that the ALJ improperly found plaintiff's complaints not credible, improperly rejected the opinion of a treating physician, and failed to consider lay witness statements. Plaintiff seeks remand for an award of benefits from the alleged onset date of disability.

A.  Appeals Council Decision

In his initial decision, the ALJ found that plaintiff established disability as of February 2004. Plaintiff sought review, and the Appeals Council remanded the case for further proceedings. In doing so, the Appeals Council found that the ALJ's partially favorable ruling was not necessarily supported by the medical evidence. Tr. 337-38. Specifically, the Appeals Council noted that the ALJ's finding that plaintiff's condition changed in February 2004 was not supported by the evidence, and that the ALJ failed to reconcile plaintiff's testimony with the medical evidence and the finding of no disability prior to February 2004. The Appeals Council also found that the ALJ failed to consider plaintiff's cannabis dependence under 20 C.F.R. ¶¶ 404.1535 and 416.935 or explain why it was not necessary to do so. Tr. 338.

Accordingly,  the  Appeals  Council  remanded  for  further
proceedings and issued the following directives:

> The Administrative Law Judge will afford the claimant an
> opportunity for a hearing.  He will obtain updated
> medical information as well as any "outstanding" records
> from  the  claimant's  treating  medical  sources.  As
> appropriate, he will also obtain one or more consultative
> examinations concerning the claimant's medical condition.
> The Administrative Law Judge will consider the entire
> record . . . and will provide discussion and rationale
> for  the  conclusions  reached  regarding  the  specific
> limitations resulting from the claimant's impairments.
> He may wish to obtain evidence from a medical expert to
> assist him in determinating the nature, severity and
> limiting effects of the claimant's impairments and, as
> appropriate, the materiality of the claimant's substance
> abuse.  Further, he will provide rationale concerning the
> weight he accords to the medical opinions of record.  The
> credibility of the claimant's subjective complaints and
> of any third party . . . will be addressed within the
> guidelines  of  20  CFR  404.1529,  416.929  and  Social
> Security Ruling 96-7p.  A finding, with appropriate
> rationale, will also be provided in accordance with 20
> CFR 404.1535 and 416.925. . . .

Tr. 339.

Plaintiff argues that the ALJ failed to comply with the remand
order of the Appeals Council.  However, plaintiff does not identify
a specific order that the ALJ failed to follow.  The Appeals
Council ordered the ALJ to conduct an administrative hearing,
obtain updated and outstanding medical records, provide a rationale
for  the  weight  given  to  medical  opinions,  and  assess  the
credibility of plaintiff's subjective complaints and lay witnesses
- all of which the ALJ did.[1]

---

[1]The Appeals Council also ordered the ALJ to make findings
pursuant to 20 C.F.R. §§ 404.1535 and 415.935, regarding whether

Plaintiff complains that his attorney, rather than the ALJ, obtained the updated medical evidence, but plaintiff cites no regulation or ruling that requires the ALJ or the Commissioner to gather such evidence.   Further, while the ALJ did not obtain additional consultative examinations or the testimony of a medical expert, these actions were suggested - rather than required - by the Appeals Council.  Tr. 339.  Plaintiff also takes issue with the ALJ's credibility findings and the weight accorded certain medical evidence, but such complaints do not implicate a failure to follow the Appeals Council remand order.

Essentially, plaintiff's primary complaint is that the ALJ's decision of March 18, 2006 - finding plaintiff not disabled at any time - is arbitrary and inconsistent with his December 2004 decision finding plaintiff disabled as of February 2004.  Plaintiff suggests that by pointing out the consistency of plaintiff's symptoms during the period of alleged disability, the Appeals Council intended that the ALJ find plaintiff disabled from the time of his alleged onset date.

However, I do not find that the remand order dictated or implicated a result favorable to plaintiff.  Instead, the Appeals Council noted inconsistencies between the record and the ALJ's opinion and his finding that plaintiff's condition had worsened in

---

plaintiff's cannabis addiction is a contributing factor material to his disability.  Such findings are required when the claimant is found disabled, but here the ALJ found plaintiff not disabled.

February 2004.  Tr. 337-39.  Clearly, the Appeals Council did not imply that plaintiff should be found disabled since his alleged onset date.

Moreover, this court's review is limited to the Commissioner's final decision - in this case, the ALJ's decision of March 18, 2006.  Regardless of what the ALJ found in his previous decision, the question before this court is whether the Commissioner's final decision is supported by substantial evidence in the record, and I consider plaintiff's arguments accordingly.

Plaintiff argues that the ALJ provided no basis to reject plaintiff's testimony and subjective complaints of pain.  Plaintiff testified that he does not perform chores or go shopping, that he can sit for a maximum of thirty minutes and cannot lift his arms over his head.  Tr. 407-08.  Plaintiff testified that he lay in bed most of the day, and that he can walk only a block or less.  Tr. 403.  Plaintiff maintains that the ALJ rejected plaintiff's testimony based primarily on the lack of objective medical evidence, and that this reason is not legally sufficient because the medical evidence has not changed from the time of the ALJ's first decision.  Plaintiff thus argues that his complaints and testimony should be accepted as true, rendering him disabled under the Act.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree

of pain, "the ALJ may reject the claimant's testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ credibility findings must be "sufficiently specific to permit court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). In making these findings, the ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. Smolen, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. Id. Finally, the ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. Id.

Plaintiff is correct that the ALJ rejected plaintiff's symptom testimony, in part, on the lack of supporting objective medical evidence. Tr. 22 ("[T]he claimant's allegations as to the intensity, persistence and limiting effects of his symptoms are disproportionate and not supported by the objective medical findings or by any other corroborating evidence . . . ."). I further agree that the ALJ failed to cite the medical evidence of

record that did not support plaintiff's allegations.  Tr. 22; <u>see</u> <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may look to the medical record for inconsistencies).

However, the ALJ did not rely solely on the lack of objective medical evidence in making his credibility determination.  The ALJ also relied on plaintiff's work-related and daily activities. Daily activities performed by the claimant, which are inconsistent with the claimant's alleged limitations, are relevant to determining credibility.  <u>Smolen</u>, 80 F.3d at 1284.  Further, the ability "to perform various household chores such as cooking, laundry, washing dishes, and shopping" may be considered specific, clear and convincing reasons to discount testimony.  <u>Thomas</u>, 278 F.3d at 959.

Here, the ALJ found that plaintiff's reported work activity and daily activities were not limited to the extent claimed by plaintiff.  Tr. 22.  As noted by the ALJ, the record reflects that plaintiff worked extensive hours as a concert promoter during 2001 and 2002 - after his alleged onset date.  Tr. 171, 174, 181, 183, 188, 193, 196, 441-42.  The ALJ further relied on information provided by plaintiff's roommate in March 2003.  Plaintiff's roommate indicated that plaintiff left his home often, visited friends and family, went hiking and motorbike riding, shopped for groceries twice a week, went to movies, drove frequently, went for

11  - OPINION AND ORDER

walks, camped once or twice a year, prepared meals, washed dishes, did laundry, dusted, vacuumed, and took out the trash at least once weekly. Tr. 113-24. If, as the ALJ found and as plaintiff argues, his condition has not changed materially since his alleged onset date of April 2001, plaintiff's work activity in 2002 and his daily activities belie his subjective allegations of pain. For these reasons, I find that the ALJ did not arbitrarily discredit plaintiff's testimony. Rather, the ALJ provided clear and convincing reasons for finding plaintiff's allegations not credible, reasons that are supported by substantial evidence in the record.

Plaintiff also maintains that the ALJ improperly rejected the opinions of Dr. Jones, who completed a questionnaire on behalf of Dr. Stone, a treating physician, and Dr. Booker, who completed a questionnaire opining that plaintiff met a "listed impairment." Tr. 261-63, 370. Dr. Jones affirmed a diagnosis of lumbar radiculopathy, noted plaintiff's pain was controlled with medication, and opined that plaintiff could sit for less than two hours during an eight-hour work day. Tr. 261-63.

Although the medical opinion of a claimant's treating physician is entitled to special weight and deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual," Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989), Dr. Jones was not a treating or even an

12  - OPINION AND ORDER

examining physician; he rendered his opinion based on a review of plaintiff's medical charts.  Tr. 263.  A non-examining physician's opinion receives the least weight.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); see also Smolen, 80 F.3d at 1285.

The ALJ considered the questionnaire completed by Dr. Jones but did not give it controlling weight.  The ALJ noted that Dr. Jones had not personally examined plaintiff and did not provide objective medical evidence to support his opinion or explain why plaintiff's ability to sit was limited.  Tr. 23.  Likewise, the ALJ found that Dr. Booker's questionnaire failed to provide the medical basis for his conclusory opinion.  Tr. 23.

Contrary to plaintiff's argument, the ALJ did not reject these questionnaires because they were generated by plaintiff's attorney; rather, the ALJ gave them limited weight because Drs. Jones and Booker provided no description of their medical findings or explanation for their opinions.  Tr. 23.  Accordingly, I find that the ALJ provided legally sufficient reasons to support his consideration of the medical evidence.  See Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); Lester, 81 F.3d at 830-31.

Finally, plaintiff argues that the ALJ committed legal error

by failing to consider lay witness statements or give germane
reasons for discrediting such statements. In particular, plaintiff
argues that the ALJ improperly discredited the statement of
plaintiff's ex-wife and failed to consider the statement of
plaintiff's former employer.

The ALJ must consider lay testimony regarding a plaintiff's
symptoms, unless the ALJ "expressly determines to disregard such
testimony and gives reasons germane to each witness for doing so."
Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ
found that the statement of plaintiff's ex-wife was inconsistent
with other evidence of record, including plaintiff's daily
activities described by the ALJ in the preceding paragraph of his
decision. Tr. 22, 354. Thus, the ALJ provided a germane reason to
discount this statement.

In his reply memorandum, plaintiff asserts that the ALJ failed
to consider the statement of plaintiff's former employer, who
provided a revised statement indicating that plaintiff had not
worked for him as a concert promoter since 2001. Tr. 360.
Notably, this employer previously gave a statement indicating that
plaintiff worked for him from 2000 through 2003. Tr. 355. I find
no reversible error resulting from the ALJ's failure to consider
the employer's revised statement, given its inconsistency with the
earlier statement and plaintiff's own statements indicating
employment in 2002. Tr. 171, 174, 181, 183, 188, 193, 196. See

Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054-55 (9th Cir. 2006); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004).

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this 21 day of March, 2008.

_____
Ann Aiken
United States District Judge

15   - OPINION AND ORDER